UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH CALDWELL, | No. 2:17-cv-01250 KJM AC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DORIS L. DOWNS and WENDY L. SHOOB, | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. The action was accordingly referred to the undersigned for pretrial matters by E.D. Cal. R. ("Local Rule") 302(c)(21). On June 20, 2017, the court dismissed the complaint because it named defendants who are immune from suit. Plaintiff was granted 30 days to file an amended complaint. ECF No. 4. Plaintiff was cautioned that failure to do so could lead to a recommendation that the action be dismissed. On July 19, 2017, plaintiff filed an amended complaint. ECF No. 5.

Plaintiff's proposed amended complaint, like the original complaint, names two Georgia superior court judges as sole defendants. Id. at 3. As discussed in this court's prior order, a judicial defendant is absolutely immune from suits seeking monetary damages for acts taken in their judicial capacity. Mireles v. Waco, 502 U.S. 9 (1991). Only actions taken in "the complete absence of all jurisdiction" or falling outside of a judge's judicial duties may subject a judge to

1   liability.  Id. at 11-12.  In interpreting judicial immunity, the Ninth Circuit has distinguished

2   between acts "in excess of jurisdiction" and acts "in the clear absence of jurisdiction" by looking

3   to the subject-matter jurisdiction of the judge: "[a] clear absence of all jurisdiction means a clear

4   lack of all subject matter jurisdiction."  Miller v. Davis, 521 F.3d 1142, 1147 (9th Cir. 2008).

5   Plaintiff alleges that Judges Downs and Schoob issued unlawful orders in a child custody matter,

6   and that Judge Downs issued an unlawful bench warrant for plaintiff's arrest.  ECF No. 1 at 3-4;

7   ECF No. 5 at 3-4.  These allegations do not demonstrate judicial action in clear absence of all

8   jurisdiction.  On the contrary, the allegations involve the actions of judges in performance of their

9   judicial duties, and therefore present a paradigmatic case for judicial immunity.

10         Having reviewed plaintiff's initial complaint and her amended complaint, the undersigned

11  has determined that further opportunity to amend would be futile.  Plaintiff's only allegations are

12  against judicially immune defendants, and neither the original complaint nor the amended

13  complaint suggests the existence of any facts that might support a potentially cognizable claim.

14  Where amendment would be futile, a complaint may be dismissed without leave to amend.  See

15  McQuillion v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir. 2004).

16         Therefore, IT IS HEREBY RECOMMENDED that this action be dismissed, without

17  prejudice, for failure to comply with the court's order and failure to name defendants who are not

18  immune from suit.  See Fed. R. Civ. P. 41(b).

19         These findings and recommendations are submitted to the United States District Judge

20  assigned to this case, pursuant to the provisions of  28 U.S.C. § 636(b)(l).  Within twenty-one

21  (21) days after being served with these findings and recommendations, plaintiff may file written

22  objections with the court.  Such document should be captioned "Objections to Magistrate Judge's

23  Findings and Recommendations."  Local Rule 304(b).  Plaintiff is advised that failure to file

24  objections within the specified time may waive the right to appeal the District Court's order.

25  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

26  DATED: July 24, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE