UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH CALDWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DORIS L. DOWNS and WENDY L. SHOOB,<br><br>　　　　Defendants. | No. 2:17-cv-01250 KJM AC<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. The action was accordingly referred to the undersigned for pretrial matters by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff is proceeding in forma pauperis. ECF No. 4.

**I.　　Procedural Background**

On June 20, 2017, the court dismissed the complaint on screening because it named defendants who are immune from suit, and granted plaintiff 30 days to file an amended complaint. ECF No. 4. Plaintiff was cautioned that failure to do so could lead to a recommendation that the action be dismissed. On July 19, 2017, plaintiff filed an amended complaint. ECF No. 5.

Plaintiff's proposed amended complaint again names two Georgia superior court judges as defendants. Id. at 3. As discussed in this court's prior order, a judicial defendant is absolutely

1

immune from suits seeking monetary damages for acts taken in their judicial capacity. Mireles v. Waco, 502 U.S. 9 (1991). In interpreting judicial immunity, [the Ninth Circuit has] distinguished between acts "in excess of jurisdiction" and acts "in the clear absence of jurisdiction" by looking to the subject-matter jurisdiction of the judge: "[a] clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction." Miller v. Davis, 521 F.3d 1142, 1147 (9th Cir. 2008). Plaintiff's allegations that Judge Downs issued a bench warrant for her arrest and that Judge Schoob signed and finalized a custody agreement do not demonstrate that the Judges acted in clear absence of all jurisdiction such that judicial immunity would not apply. Id.

On July 25, 2017, the undersigned issued findings and recommendations recommending this case be dismissed because it is brought against immune defendants. ECF No. 6. On August 14, 2017, plaintiff filed objections. ECF No. 7. The objections alleged that defendant Downs and attorney Leah J. Zammit, driving Zammit's white Mercedes SUC, located and followed plaintiff's vehicle, "stalking" her for several miles and "acting as self-appointed vigilantes trailing and cornering plaintiff and her children on the streets of Atlanta." Id. at 4. On August 23, 2018, the district judge in this case, in light of new information added in plaintiff's objections, declined to adopt the findings and recommendations and referred the matter back to the magistrate judge for further consideration. ECF No. 8.

## II.     Analysis

A. Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous or not, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.

Fed. R. Civ. P. ("Rule") 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Rule 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

////

B. The Amended Complaint

As discussed in the initial recommendation that plaintiff's first amended complaint be dismissed (ECF No. 7), the amended complaint as drafted does not allege sufficient facts to demonstrate that the defendants are not subject to judicial immunity. Though plaintiff alleged additional facts in her objection, she must incorporate those facts into a complaint. As it stands, plaintiff's first amended complaint cannot survive screening.

Plaintiff's complaint also fails to meet the standard of Fed. R. Civ. P. 8(a) and fails to state a claim under Fed. R. Civ. P. 12(b)(6). First, plaintiff does not allege any particular constitutional violation or specify the causal nexus between defendants' actions and a particular constitutional violation; she merely alleges that her suit is brought pursuant to 42 U.S.C. § 1983. ECF No. 5 at 2. To state a cognizable claim under Section 1983, plaintiff must allege a connection or link between the challenged conduct of a specific defendant and plaintiff's alleged constitutional deprivation. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [S]ection 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that *causes the deprivation of which complaint is made*." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978). The court cannot tell from plaintiff's first amended complaint what particular action defendants took that deprived plaintiff of a particular constitutional right.

The court notes that if plaintiff were to simply add the new allegations included in her objections to an amended complaint, the amended complaint would still not be sufficient. Plaintiff's additional allegations, including that defendant Downs followed her in a car and then ordered plaintiff arrested, do not clearly demonstrate constitutional violations without additional supporting facts. ECF No. 7 at 4. Further, plaintiff makes no additional allegations against defendant Shoob, who does not appear to have taken action outside her role as a judicial officer. In order to survive screening, plaintiff must clarify what actions defendants took against her, acting outside of their roles as judicial officers, which violated specific constitutional protections.

////

4

### III. Conclusion

In light of the foregoing, it is hereby ordered that plaintiff's first amended complaint (ECF No. 7) cannot be served as drafted. Plaintiff shall have 30 days from the date of this order to file a second amended complaint that names defendants who are amenable to suit, and which complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

IT IS SO ORDERED.

DATED: December 14, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE